IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARVIN C. VIKE,

                                                                             ORDER

                         Plaintiff,

                                                                             08-cv-486-bbc

     v.

BENJAMIN J. COOPMAN, JOHN
C. BECKER, NEIL PIERCE and
ROCK COUNTY

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on July 10, 2009, I granted defendants' motion for summary judgment in part and denied it in part.  I denied the motion as to plaintiff's failure to accommodate claim against defendant Rock County arising under the Americans with Disabilities Act and his due process claim against the individual defendants.  The case is scheduled for trial on October 19, 2009.

      Almost one and a half months after defendants were told that these claims would go to trial, they have moved for leave to file a second summary judgment with respect to plaintiff's due process claim.  (I denied defendants' motion for summary judgment motion on that claim because defendants did not even mention "due process" in their brief in support of the motion for summary judgment.)

Defendants say they "thought" they raised a qualified immunity defense to the due process claim in their original motion for summary judgment. However, a review of their brief in support of that motion shows otherwise. They discussed qualified immunity generally and identified plaintiff's equal protection and retaliation claims. In that context, plaintiff was not on notice that defendant was challenging plaintiff's due process claim at summary judgment; defendants failed to carry their initial burden as to that claim. <u>Celotex v. Catrett</u>, 477 U.S. 317, 323-24 (1986) (party seeking summary judgment always bears initial responsibility of informing district court of basis for summary judgment).

Defendants appear to believe that the fact that they mentioned qualified immunity at all should have put all plaintiff's constitutional claims at issue during summary judgment. That is not how it works. Qualified immunity is available when a government official's actions did not violate the constitution or at least did not violate the "clearly established law" at the time. <u>E.g.</u>, <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 822 (2009). Whether an official is qualifiedly immune for alleged equal protection violations and whether that official is immune for alleged due process violations involving some of the same actions are different questions.

Defendants did not challenge plaintiff's due process claim in the context of their first summary judgment motion, either on qualified immunity grounds or otherwise. Although defendants may believe they have solid grounds for seeking summary judgment on that

2

claim, they ask for a second chance too late. Trial is scheduled for October.

This does not mean defendants will be barred from raising the defense of qualified immunity. The defense remains available as a motion for judgment as a matter of law during the course of trial in this case. <u>Narducci v. Moore</u>, 572 F.3d 313, 324 (7th Cir. 2009) (defendants' failure to assert qualified immunity defense resulted in waiver of defense during summary judgment proceedings, but defendant could still assert defense in motion for judgment as matter of law during trial).

ORDER

IT IS ORDERED that the motion for leave to file a supplemental motion for summary judgment filed by defendants Benjamin J. Coopman, Neil Pierce, John C. Becker and Rock County, dkt. #80, is DENIED. The proposed supplemental motion, dkt. #82, will be disregarded.

Entered this 27th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3