IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARVIN C. VIKE,

                                                       ORDER

                Plaintiff,

                                                       08-cv-486-bbc

    v.

BENJAMIN J. COOPMAN, JOHN
C. BECKER, NEIL PIERCE and
ROCK COUNTY

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Marvin C. Vike has served a subpoena on Craig Knutson, an employee of defendant Rock County, to give testimony as a witness in the trial and to produce and permit inspection and copying of

> [a]ll documents concerning the resignation of the Human Resources Director John Becker including but not limited to emails, notes, correspondence, reports, minutes of board meetings, complaints, investigations and/or documents memorializing any misconduct on his part and/or requests for his resignation and/or recommendations for his termination.

Dkt. #131-2, at 1. Defendants have moved to quash the subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv), which requires a court to quash a subpoena that requires disclosure of privileged or protected information or subjects a person to "undue burden."

      Plaintiff all but admits that the principal goal of the subpoena is to perform a fishing

expedition into the back story of defendant Becker's resignation. Plaintiff believes Becker may have been forced to resign for reasons related to this lawsuit, perhaps for mishandling plaintiff's employment problems. Although plaintiff mentions that a third party spoke with Knutson and Becker after the termination, he does not identify any useful information he could obtain from Knutson other than the back story to Becker's resignation.

However, Becker's resignation is not on trial. The principal questions in this case are: (1) Did defendant Rock County discriminate against plaintiff because of his disability? (2) Were the individual defendants, including Becker, personally involved in a failure to provide plaintiff due process for his termination? Becker's own admissions about how he handled plaintiff's employment-related problems may be relevant to these matters; however, plaintiff's expedition is aimed at unearthing defendants' *impressions* of Becker's performance, not Becker's admissions regarding that performance. To the extent defendant Becker's own statements about his handling of the problems could be discovered in the course of questioning Knutson, it would be incidental to the broader question.

Because the information plaintiff seeks is irrelevant to any issue in this case, any burden that would be imposed upon the witness in this case is more than is warranted. Northwestern Memorial Hospital v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004) (burden of subpoena must be balanced against probative value of information being sought). In other words, it is an undue burden to require Knutson to testify about and produce

2

documents related to irrelevant information. Accordingly, I will grant defendants' motion to quash the subpoena.

## ORDER

IT IS ORDERED that defendants' motion to quash the subpoena served upon Craig Knutson, dkt. #130, is GRANTED.

Entered this 14th day of October, 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3